[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15057

_____

D.C. Docket No. 1:82-cr-00276-UU-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE HUCO CRUANES,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before TJOFLAT, JILL PRYOR, and FAY, Circuit Judges.

PER CURIAM:

I.

On July 29, 1982, Jose Hugo Cruanes pled guilty to conspiracy to possess

cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On October 8, 1982, the District Court pronounced sentence.  The court found "reasonable grounds to believe" that Cruanes, then 24 years of age, "w[ould] benefit from treatment under the Youth Corrections Act" ("YCA") and sentenced him to the custody of the Attorney General "for treatment and supervision pursuant to [18 U.S.C. §] 5010(b) until discharged by the United States Parole Commission as provided in [18 U.S.C. §] 5017(c)."[1]  Cruanes was confined in FCI Morgantown, a prison facility in West Virginia once set aside for YCA offenders.

A year after reporting to FCI Morganton, Cruanes moved the District Court to reduce his sentence.  The court responded by requesting FCI Morganton to submit a report on Cruanes's institutional adjustment.  On November 3, 1983, after receiving the institution's report, the District Court granted Cruanes's motion, entering an order reducing his sentence effective December 1, 1983, "to time

---

[1]  Section 5010 provided in subpart (b) as follows:

> If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the [Parole] Commission as provided in section 5017(c) of this chapter . . . .

18 U.S.C. § 5010(b) (1982), repealed by Comprehensive Crime Control Act of 1984, Pub. L. 98-473, tit. 11, § 218(a), 98 Stat. 1976, 2027.  Section 5017 provided in subpart (c) as follows:  "A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction."  Id. § 5010(c).  As indicated in the text infra, the District Court, in granting Cruanes's motion to reduce his sentence, implicitly rendered the Commission's supervisory and discharge authority inoperative.

served." Doc. 82, at 2. In addition to FCI Morganton's report, the court relied on several factors, among them the nature of Cruanes's crime, his admission of guilt, his age, the support of a strong family unit, the offer of employment he had received, and the fact that he had been incarcerated for over one year. Id.

The Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5026 (1982), repealed by Comprehensive Crime Control Act of 1984, Pub. L. 98-473, tit. 11, § 218, 98 Stat. 1976, 2027, provided that the conviction of a youth offender "shall be automatically set aside" when the offender is discharged by the Parole Commission or by the court. The pertinent provisions of the YCA provided as follows:

> (a) Upon the unconditional discharge by the Commission of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the Commission shall issue to the youth offender a certificate to that effect.
> (b) Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

18 U.S.C. § 5021. Although the November 3, 1983, order effectively discharged Cruanes on December 1, 1983, when he completed his sentence, the District Court never issued a certificate setting aside his conviction.

3

On June 21, 2012, Cruanes, citing the facts set out above, moved the District Court to "set aside his conviction . . . nunc pro tunc as of December 2, 1983," and "request[ed] a certificate certifying his conviction has been set aside as required under § 5021." Doc. 100, at 5. The District Court denied his motion in an order entered on October 16, 2012. Doc. 106. It did so for the following reasons:

> Because the operation of § 5021 is automatic, there should be no need for the Court to enter an order to effectuate it, and the statute does not authorize the Court to do so. Furthermore, the statute authorizes and requires the Parole Commission, not the Court, to issue a certificate reflecting that the conviction was set aside.

Id. at 2. Not to be deterred, Cruanes, on September 20, 2013, petitioned the District Court for a writ of error coram nobis. Doc. 107. The petition essentially reiterated the allegations of his June 12, 2012, motion. On October 22, 2013, the court denied his petition for the same reasons it denied his June 21, 2012 motion:

> Petitioner's reliance on Section 5021(a) is misplaced. In accordance with that section, once a committed youth was unconditionally discharged, the conviction must be set aside and the Parole Commission is required to issue a certificate to that effect. Section 5021(a) does not authorize this Court to issue a certificate indicating that the Petitioner's conviction was set aside.

Doc. 110, at 1–2. Cruanes now appeals the District Court's ruling of October 22, 2013.

## II.

The parties and the District Court agree that the issuance of a certificate setting aside a defendant's conviction under § 5021 is, as the statute states,

4

"automatic[]," and therefore constitutes a ministerial act. The Government conceded in oral argument that Cruanes is entitled to relief, but not via a writ of error coram nobis. We put aside for another day the question of whether coram nobis is an appropriate vehicle for providing the relief Cruanes seeks and, instead, grant the relief with a writ of mandamus.

The writ's office is to compel the performance of a ministerial act. See Marbury v. Madison, 5. U.S. (1 Cranch) 137, 158, 173, 2. L. Ed. 60 (1803). The All Writs Act, 28 U.S.C. § 1651, authorizes "[t]he Supreme Court and all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." We have jurisdiction of Cruanes's appeal under 28 U.S.C. § 1291, for the District Court's October 22, 2013, order is a final judgment. Contrary to the District Court's view, it is not the Parole Commission's responsibility to issue the § 5021 certificate in this case. True, the District Court's confinement sentence provided that Cruanes would remain in custody "until discharged by" the Parole Commission. But the District Court revised the sentence in granting Cruanes's motion for sentence reduction and in discharging Cruanes from custody effective December 1, 1983. The court effectively revised the initial sentence to leave the Parole Commission out of the picture entirely; instead, it simply required that the Bureau of Prisons release Cruanes on that date. Because the court determined

Cruanes's discharge in this way, it was obligated under 18 U.S.C. § 5021(b) to issue the certificate stating that his conviction had been set aside.

We therefore issue a writ of mandamus directing the District Court to issue a certificate stating that Cruanes's conviction was automatically set aside on December 1, 1983.

SO ORDERED.